IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORDELIA LINDA EZENNIA and | § | |
| BYRON K. CARTER, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-10-5004 |
| | § | |
| WELLS FARGO BANK, N.A. and FEDERAL | § | |
| NATIONAL MORTGAGE ASSOCIATION | § | |
| a/k/a FANNIE MAE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION GRANTING
## IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Magistrate Judge in this case that has been referred pursuant to 28 U.S.C.

§ 636(b)(1)(A) and (B) is Defendant's Motion for Summary Judgment (Document No. 22).  Having

considered the motion, Plaintiffs' response, the parties' additional briefing, the summary judgment

evidence and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth

below, that Defendant's Motion for Summary Judgment (Document No. 22) be GRANTED in PART

and DENIED in PART.


## I.      Background and Procedural History

Plaintiffs Cornelia Linda Ezennia and Byron K. Carter filed this suit in the 189th District

Court of Harris County, Texas, Cause No. 2010-75354, seeking to set aside a foreclosure sale.

Plaintiffs allege that Defendant Wells Fargo Bank, N.A. ("Wells Fargo") improperly foreclosed on

their residence at 10106 Kinney Road, Houston, Texas 77099 without providing them with proper

notice and at a time when Wells Fargo had agreed to forebear foreclosure.  *See* Plaintiff's Original

Petition, attached to Defendants' Notice of Removal (Document No. 1) (hereafter referred to as "Petition"). Plaintiffs allege four causes of action against Wells Fargo: (1) breach of contract; (2) promissory estoppel; (3) fraud and misrepresentation; and (4) wrongful foreclosure. In addition, Plaintiffs allege a claim for wrongful eviction against Defendant Federal National Mortgage Association ("Fannie Mae").

Defendants timely removed the case to this court on the basis of diversity jurisdiction. Plaintiffs' subsequent motion to remand was denied. *See* Document Nos. 3, 17 & 18. Following the expiration of the discovery deadline, Defendants filed their Motion for Summary Judgment (Document No. 22). Plaintiffs have filed a response (Document No. 23), and both sides have filed additional briefing (Document Nos. 24 & 25).

## II.  Summary Judgment Arguments

In their Motion for Summary Judgment, Defendants argue that summary judgment is warranted on all five of Plaintiffs' claims. With respect to the breach of contract claim, Defendants maintain that they did not enter into a contract with Plaintiffs for the modification of Plaintiffs' loan, and they provided Plaintiffs with all the notice required by both the Deed of Trust and Texas law. With respect to the promissory estoppel claim, Defendants argue that they made no promise to Plaintiffs and Plaintiffs have no evidence of such. With respect to the fraud/misrepresentation claim, Defendants argue that they made no false statement of existing fact, and there is no summary judgment evidence to support any of the elements of a fraud/misrepresentation claim. As for the wrongful foreclosure claim, Defendants maintain that there is no evidence of any defect in the foreclosure proceedings, no evidence of an inadequate sale price and no evidence of a causal

2

connection between a defect in the foreclosure proceeding and a grossly inadequate sales price. Finally, with regard to the wrongful eviction claim, Defendants maintain that because Fannie Mae is the proper and lawful owner of the residence at 10106 Kinney Road, Fannie Mae had the right to seek Plaintiffs' eviction, and did so pursuant to an Order issued by the Harris County Justice of the Peace Court in Case No. EV52C0303073.

## III.    Summary Judgment Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  The moving party must initially "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986). Once the moving party meets its burden,[1] the burden shifts to the nonmovant, "who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists that summary judgment should not be granted." *Id.*; *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice.  *Celotex*, 106 S. Ct. at 2548.  Instead, "the nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris*, 144 F.3d at 380.

---

[1] Where "the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008).

In considering a motion for summary judgment, all reasonable inferences to be drawn from both the evidence and undisputed facts are to be viewed in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986).  "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper.  *Kelley v. Price- Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993) (citing *Matsushita*, 106 S. Ct. at 1351).  On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper."  *Id.*  Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial."  *Anderson*, 106 S. Ct. at 2513.

## IV.    Discussion

### A.        Breach of Contract Claim

In their breach of contract claim, Plaintiffs allege that they "entered into a HAMP agreement with Defendant Wells Fargo" that Wells Fargo breached by "foreclosing on the property and claiming that the Plaintiffs failed to pay their mortgage as agreed."  Petition at 5.  In addition, Plaintiffs appear to claim that Wells Fargo breached the terms of the Deed of Trust by failing "to give notice of default, acceleration of the note and foreclosure notice to the Plaintiffs."  *Id.*

In Texas, "[a] loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative."  TEX. BUS. & COM. CODE § 26.02(b); *see also* TEX. BUS. & COM. CODE § 26.01(b)(6) ("an agreement which is not to be performed within one year from the date of making the agreement" must be in writing to be enforceable).  In this case,

4

Plaintiffs' breach of contract claim is based on Plaintiffs' allegations that Wells Fargo entered into a loan modification agreement, whereby it would forebear foreclosure if Plaintiffs made a payment of a certain amount ($3,461.51).  There is, however, no summary judgment evidence that would support the existence of an enforceable contract to that effect.  In particular, there is no written agreement between the parties that could constitute an enforceable loan modification agreement. While Plaintiffs maintain that Wells Fargo represented to them, both verbally and in writing, that they had been approved for a loan modification, the summary judgment evidence in the record does not evidence, or even raise a genuine issue of material fact as to, the existence of an enforceable loan modification agreement.   Any verbal representation as to the existence or terms of a loan modification, because it would have altered the terms of the parties' written loan agreement, which exceeded $50,000 in value,[2] is unenforceable under Texas' statute of frauds.  *Bank of Texas, N.A. v. Gaubert*, 286 S.W.3d 546, 555 (Tex. App.-Dallas 2009, review dism'd w.o.j.).  In addition, the writings Plaintiffs rely on, including the letters of July 2, 2010, and August 25, 2010 do not purport to modify the parties' loan agreement.  The letter dated July 2, 2010, which is titled, "Temporary Forebearance Agreement,"states:

> This letter is a follow-up to our recent conversation and confirms your promise to pay the amounts shown below by the dates indicated.

> Failure to remit funds in accordance with the due date(s) and amount(s) indicated may result in the acceleration of the loan pursuant to the terms of your note and security agreement.

---

[2] The mortgage loan, dated February 10, 2005, was for $290,700.00.  Exhibit 1A to Defendants' Motion for Summary Judgment (Document No. 22).

Exhibit "C" to Plaintiffs' Response to Defendants' Motion for Summary Judgment (Document No.

23).  There is, however, no payment schedule attached to the letter.  *Id.*  Similarly, in the letter dated

August 25, 2010, Plaintiffs are advised:

> .  .  .  .  Based on our telephone conversation and the financial information you
> provided, we are considering a program that may assist you in bringing your loan
> current.  This program, known as a loan modification, would provide you with the
> opportunity for a fresh start by adjusting the current terms of your loan.  Please be
> advised this letter is not a guarantee or approval of the loan modification.
>
> An initial payment of $3461.51 must be received by 2010-09-01.
>
> If these funds are or have been collected during your conversation with one of our
> representatives, please disregard the above mentioned due date.
>
> What's next?
>
> We will complete an analysis of your situation and seek any necessary approvals.
> Based on your financial ability, the terms of your loan modification may change.  We
> may add any remaining past due interest or escrow payments (taxes and insurance)
> to your outstanding loan balance and/or may extend the terms of your loan.  If the
> loan modification is approved, you will receive additional information that explains
> the terms of the agreement.
>
> Please be aware that until you are approved for a loan modification, your loan will
> remain in default status, including any foreclosure action that may be in process.
> Foreclosure activity will not be suspended until you have returned the required initial
> payment.   You are responsible to pay any fees associated with this action that
> continue to accrue until your loan modification is approved.

Exhibit "D" to Plaintiffs' Response to Defendants' Motion for Summary Judgment (Document No.

23).  Neither letter created an enforceable loan modification agreement.  The August 25, 2010 letter,

in fact, mentions twice that it is not a modification agreement, or a promise of such.  Given the

absence of a written agreement, signed by Plaintiffs and Wells Fargo, that specifically altered the

terms of the parties' loan agreement, Plaintiffs' breach of contract claim fails upon application of

Texas' Statute of Frauds.  *Gaubert*, 286 S.W.3d at 555-556; *Ramming v. JPMorgan Chase Bank,*

*N.A.*, 2012 WL 1122791 (S.D. Tex. 2012); *George-Baunchand v. Wells Fargo Home Mortgage, Inc.*, 2011 WL 6250785 (S.D. Tex. 2011); *Tucker v. BAC Home Loans Servicing, L.P.*, 2011 WL 3739239 (S.D. Tex. 2011). Summary judgment is therefore warranted on this breach of contract claim.

As for Plaintiffs' claim that Wells Fargo breached the terms of the Deed of Trust, which required notice of default, notice of intent to accelerate, notice of acceleration, and notice of foreclosure, Plaintiffs have presented no summary judgment evidence that would raise a genuine issue of material fact on such a breach of contract claim. Wells Fargo has submitted summary judgment evidence that it sent Plaintiffs a notice of default and notice of intent to accelerate on May 17, 2009, Exhibits 1C to Defendants' Motion for Summary Judgment (Document No. 22); and a notice of acceleration and notice of foreclosure on July 31, 2009, September 28, 2009, July 9, 2010, and August 10, 2010, Exhibits C 2-1 through 2-7, and 2-10 through 2-11, to Defendants' Motion for Summary Judgment (Document No. 22). In Texas, notice is adequate when it is sent to the debtor's last known address by certified mail. TEX. PROP. CODE § 51.002(e) ("Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service."). Notice need not have been received to be adequate. *See Cavil v. Trendmaker Homes, Inc.*, 2012 WL 170751 at *5 (S.D. Tex. 2012); *see also Bittinger v. Wells Fargo Bank, N.A.*, 2011 WL 5415664 at *9 (S.D. Tex. 2011). Here, regardless of Plaintiffs' claim that Plaintiffs did not receive the May 17, 2009 notice of default and notice of intent to accelerate, they have not submitted any summary judgment evidence that controverts the evidence submitted by Wells Fargo that such notice was sent. In addition, Plaintiffs have not submitted any evidence, or pointed to any authority,

7

to support their argument that they were entitled, under either Texas law or the Deed of Trust, to notice anew once Wells Fargo began to consider their request for a loan modification.  Accordingly, because Plaintiffs have not raised a genuine issue of material fact on their breach of contract claim which is premised on lack of notice, summary judgment is also warranted on that claim.

      **B.**      **Promissory Estoppel Claim**

Plaintiffs' promissory estoppel claim is based on their allegations that Wells Fargo promised Plaintiffs that it would not foreclose on their residence if Plaintiffs paid an "initial modification mortgage amount of $3,461.51."  Petition at 5.

"To state a claim for promissory estoppel a plaintiff must plead (a) a promise, (b) foreseeability of reliance by the promisor, (c) substantial and reasonable reliance by the promisee to its detriment, and (d) enforcement of the promise is necessary to avoid injustice."  *Motten v. Chase Home Finance*, ___ F.Supp.2d ___, 2011 WL 2566092 *8 (S.D. Tex. 2011) (Harmon, J.).  A claim of promissory estoppel generally cannot be used to circumvent Texas' statute of frauds, which requires certain "promises" to be in writing.  TEX. BUS. & COM. CODE § 26.02(b).  It is only when the promise at issue is "a promise to sign an already existing written agreement that would satisfy the statute of frauds," that a promissory estoppel claim can survive the application of Texas' statute of frauds.  *George-Baunchand v. Wells Fargo Home Mortgage, Inc.*, 2011 WL 6250785 at *8 (S.D. Tex. 2011) (Rosenthal, J.); *Leach*, 892 S.W.2d at 959 ("When seeking to estop the assertion of an otherwise valid Statute of Frauds defense, the oral promise relied upon must be to sign a written agreement that satisfies the statute, or there must be substantial reliance upon an oral misrepresentation that the statute has been satisfied.").

Here, the promise at issue is alleged to have created an "oral contract." Such an oral contract is unenforceable given Texas' Statute of Frauds. TEX. BUS. & COM. CODE § 26.02(b). In addition, the promise at issue is not alleged to have been a promise "to sign an existing written agreement that would satisfy the statute of frauds." As set forth above, the letters relied upon by Plaintiff, dated July 2, 2010 and August 25, 2010, do not contain a "promise to sign an existing written agreement" and, in fact, those letters are inconsistent with such a promise.

While Plaintiffs' summary judgment evidence, including the letters of July 2, 2010 and August 25, 2010 cannot create an enforceable contract for the modification of the loan, Plaintiffs' summary judgment evidence may give rise to the "partial performance equitable exception" to Texas' Statute of Frauds, through which a promissory estoppel claim, based on allegations that Plaintiffs were promised Wells Fargo would forebear foreclosure, could survive. *Singh v. JP Morgan Chase Bank, N.A.*, 2012 WL 669952 *6-*7 (E.D. Tex.), *report and recommendation adopted*, 2012 WL 669983 (E.D. Tex. 2012).

In *Exxon Corp. v. Breezevale Ltd.*, 82 S.W.3d 429, 439 (Tex. App.–Dallas 2002, review denied), the partial performance exception to the statute of frauds was explained as follows:

> Under the partial performance exception to the statute of frauds, contracts that have been partly performed, but do not meet the requirements of the statute of frauds, may be enforced in equity if denial of enforcement would amount to a virtual fraud. *Carmack v. Beltway Dev. Co.*, 701 S.W.2d 37, 40 (Tex. App.–Dallas 1985, no writ). The fraud arises when there is strong evidence establishing the existence of an agreement and its terms, the party acting in reliance on the contract has suffered a substantial detriment for which he has no adequate remedy, and the other party, if permitted to plead the statute, would reap an unearned benefit. *Id.*; *see also Hooks v. Bridgewater*, 111 Tex. 122, 229 S.W. 1114, 1116 (1921). The partial performance must be "unequivocally referable to the agreement and corroborative of the fact that a contract actually was made. *Wiley v. Bertelsen*, 770 S.W.2d 878, 882 (Tex. App.–Texarkana 1989, no writ) (citing *Chevalier v. Lane's, Inc.*, 147 Tex. 106, 213 W.2d 530, 533-34 (1948)). The acts of performance relied upon to take a parol

contract out of the statute of frauds must be such as could have been done with no other design than to fulfill the particular agreement sought to be enforced; otherwise, they do not tend to prove the existence of the parole agreement relied upon by the plaintiff. *Teague v. Roper*, 526 S.W.2d 291, 293 (Tex. Civ. App.–Amarillo, 1975, writ ref'd n.r.e.) (citing *Francis v. Thomas*, 129 Tex. 579, 106 S.W.2d 257, 260 (1937)).

*See also Bank of Texas v. Gaubert*, 286 S.W.3d 546, 554 (Tex. App.–Dallas 2009). When a party relies on a partial performance exception to the statute of frauds, only reliance damages are available. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 549 (5th Cir. 2010).

Here, in neither their Motion for Summary Judgment, nor their Reply to Plaintiffs' Response to Defendants' Motion for Summary Judgment do Defendants make any mention of the letters of July 2, 2010 and August 25, 2010. In particular, Defendants have not argued or even contested Plaintiffs' position that the two letters, when viewed together and in connection with Plaintiffs' payment of $3,461.51, support Plaintiffs' promissory estoppel claim. Taking those two letters, and the contents of Plaintiff Cordelia Linda Ezennia's affidavit in a light most favorable to Plaintiffs, the undersigned concludes that genuine issues of material fact exist on the partial performance exception to the Statute of Frauds. The July 2, 2010 letter, while not setting forth the dates and amounts to be paid, is titled a "Temporary Forebearance Agreement," and suggests that Wells Fargo is agreeing to forebear the remedies available to it under the parties' loan agreement. Somewhat similarly, the August 25, 2010, letter states that Plaintiffs must make a certain payment ($3,461.61) by September 1, 2010, and that "[f]oreclosure activity will not be suspended until" the payment has been made. It is uncontroverted that Plaintiffs made the payment called for in the August 25, 2010 letter on August 31, 2010. Foreclosure activity, however, was not suspended and Wells Fargo foreclosed on Plaintiffs' residence on September 7, 2010, a mere seven days later.

10

These two letters, coupled with the contents of Plaintiff Ezennia's affidavit and the $3,461.51 payment, raise a genuine issue of material fact as to whether Plaintiffs' actions, in pursuing a loan modification and in making the $3,461.51 payment, are "unequivocally referable" to the alleged oral promise by Wells Fargo that it would forebear foreclosure. Based on the genuine issues of material fact that exist on the partial performance exception to the Statute of Frauds, summary judgment is not available on Plaintiffs' promissory estoppel claim.

### C.      Fraud/ Misrepresentation Claim

Plaintiffs' fraud/misrepresentation claim is based on their allegations that Defendant Wells Fargo represented to them "that their home would not be foreclosed without notice of default, acceleration and foreclosure, and upon the payment of $3,461.51." Petition at 5. According to Plaintiffs, "Defendant Wells Fargo knew at the time of the representation that it planned to foreclose on Plaintiffs' home, but did not inform the Plaintiffs of its intent to foreclose. Defendant Wells Fargo prepared an affidavit through its representative that stated that the Plaintiffs received all the necessary notices precedent to foreclosure when it knew that such statement was false." *Id.* at 5-6.

In Texas, the elements of a claim of fraud by misrepresentation are: "(1) a misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010). Somewhat similarly, a claim of negligent misrepresentation requires proof that: "(1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the

information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

Here, Plaintiffs' fraud/misrepresentation claim fails because there is no summary judgment evidence to support the essential elements of that claim. In particular, there is no summary judgment evidence that Wells Fargo made any misrepresentation to Plaintiffs of an *existing* fact. *See Scherer v. Angell*, 253 S.W.3d 777, 781 (Tex. App.–Amarillo 2007) (for a negligent misrepresentation claim, the false representation "must be a misstatement of an existing fact rather than a promise of future conduct"). While Plaintiffs complain in this case that Wells Fargo led them to believe that it would not foreclose while they were in the process of seeking a loan modification, that conduct does not constitute a misstatement of an existing fact. *See Defranceschi v. Wells Fargo Bank, N.A.*, 2011 WL 3875338 at *6 (N.D. Tex. 2011) ("Defendants correctly argue that they alleged promise to modify the note and delay foreclosure in the future is not a statement of existing fact."); *see also Scherer v. Angell*, 253 S.W.3d 777, 781 (Tex. App.–Amarillo 2007) (for a negligent misrepresentation claim, the false representation "must be a misstatement of an existing fact rather than a promise of future conduct"). In addition, Plaintiffs' fraud claim, which is based on essentially the same allegations as Plaintiffs' breach of contract claim, fails as a matter of law because it is barred by Texas' Statute of Frauds. *See Salazar v. BAC Home Loans Servicing*, 2012 WL 995296 *3 (N.D. Tex. 2012) (fact that plaintiff "couch[ed] her claim as a cause of action for fraud does not shield it from the statute of frauds"); *see also Leach v. Conoco, Inc.*, 892 S.W.2d 954, 961 (Tex. App.–Houston [1ˢᵗ Dist.] 1995, writ dism'd w.o.j.) (where oral promise was found unenforceable under the statute of frauds, a cause of action for fraud based on that same oral promise was barred by the statute of frauds). Finally, Plaintiffs' misrepresentation claim fails under the "economic loss rule" which provides, "when a

plaintiff alleges only an economic loss arising out of a contractual relationship between the parties, the plaintiff is precluded from proceeding under a negligence cause of action." *Sanghera v. Wells Fargo Bank, N.A.*, 2012 WL 555155 at *5 (N.D. Tex. 2012) (citing *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)). Here, any complaints by Plaintiffs about Wells Fargo's failure to forebear foreclosure or Wells Fargo's acceleration of the note relate to the parties' contractual relationship, and cannot, as a matter of law, form the basis of a fraud or misrepresentation claim. *E.g., Sanghera*, 2012 WL 5551555 at *5-*6 (finding Plaintiff's claim of negligent misrepresentation, which was based on Defendant Wells Fargo's alleged promises that it would approve a loan modification and would not foreclose, "barred by the economic loss rule").

In all, because there is no summary judgment evidence to support the essential elements of Plaintiffs' fraud/misrepresentation claim, and because the claim, as alleged, is barred by Texas' statute of frauds and/or the economic loss rule, summary judgment is warranted on Plaintiffs' fraud/misrepresentation claim.

**D.     Wrongful Foreclosure Claim**

Plaintiffs' wrongful foreclosure claim is based on their allegations that they did not receive proper notice of the foreclosure, particularly after they had been assured by Wells Fargo "that their home had been pulled from foreclosure because of the modification agreement between the parties." Petition at 6.

"The purpose of a wrongful foreclosure action is to protect mortgagors against those sales where, through mistake, fraud, or unfairness, the sale results in an inequitably low price." *In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001). In Texas, to prevail on a claim of wrongful foreclosure a plaintiff must prove: "(1) a defect in the foreclosure sale proceedings; (2) a grossly

13

inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App.–Corpus Christi 2008); *see also Sotelo v. Interstate Financial Corp.*, 224 S.W.3d 517, 523 (Tex. App.–El Paso 2007) ("The elements of wrongful foreclosure are (1) an irregularity at the sale; and (2) the irregularity contributed to an inadequate price."); *Pollett v. Aurora Loan Services*, 2011 WL 6412051 at *1 (5th Cir. 2011) (the elements of wrongful foreclosure are that the Plaintiff's "home sold for a grossly inadequate selling price and [ ] a causal connection between a defect in the foreclosure sale proceedings and the grossly inadequate selling price.").

A review of the summary judgment evidence reveals no summary judgment evidence of any defect in the foreclosure proceeding.  While Plaintiffs argue that the foreclosure proceeding was defective because Wells Fargo and Fannie Mae "conspired to chill the purchase of the Plaintiffs' home during the foreclosure sale by causing it to become cost prohibitive for any potential  bidder," Plaintiffs' Response to Defendants' Motion for Summary Judgment (Document No. 23) at 16, no court has ever considered a bid above an appraised value as "chilling" the bidding process, *see Charter Nat'l Bank-Houston v. Stevens*, 781 SW2d 368, 374 (Tex. App.–Houston 1989, writ denied) (evidence of price chilling leading to a grossly inadequate selling price), or as in any way rendering the foreclosure process "defective."  Plaintiff's argument that there was a defect in the foreclosure proceeding is not supported by any legal authority.  In addition, there is no evidence that Plaintiffs' residence sold for a grossly inadequate sales price at the foreclosure sale; the evidence is directly to the contrary.  Fannie Mae purchased the residence at the foreclosure sale for $315,8706.36; this is nearly $41,000.00 over the $275,000.00 recorded appraised value of the property. Exhibits 2-13 and 3-4 to Defendants' Motion for Summary Judgment (Document No. 22).

Given the uncontroverted summary judgment evidence that the selling price was adequate, and the absence of any summary judgment evidence or legal authority from which it could be inferred that the foreclosure proceeding was defective, Plaintiffs have not raised a genuine issue of material fact on essential elements of their wrongful foreclosure claim. As such, Defendants are entitled to summary judgment on that claim.

### E.    Wrongful Eviction Claim

Plaintiffs allege that they were wrongfully evicted from their home by Defendant Fannie Mae, who purchased Plaintiffs' home at a foreclosure sale which Fannie Mae knew to be improper. Petition at 6.

Texas cases recognizing a claim for wrongful eviction generally involve an eviction of a tenant by a landlord. *See McKenzie v. Carte*, 385 S.W.2d 520, 528 (Tex. App.–Corpus Christi 1965) (a claim for wrongful eviction seeking damages must be based on proof of "(1) The existence of an unexpired contract of renting; (2) occupancy of the premises in question by the tenant; (3) eviction or dispossession by the landlord; (4) damages attributable to such eviction."); *see also In re ACM-Tex, Inc.*, 430 B.R. 371, 417 (W.D. Tex. 2010) ("To prove wrongful eviction ACM must show (1) the existence of an unexpired lease; (2) occupancy of the property in question; (3) eviction or dispossession by the landlord; and (4) damages attributable to the eviction."). The allegations here do not "fit" the type of wrongful eviction claim that has been recognized by Texas courts. Moreover, the basis of Plaintiffs' wrongful eviction claim – that Defendant Fannie Mae knew the foreclosure was improper – is not supported by any summary judgment evidence. In fact, as set forth above, Plaintiffs' have not raised a genuine issue of material fact on their wrongful foreclosure claim. In addition, Plaintiffs themselves admit that they were given notice of the eviction proceeding, *see*

15

Affidavit of Cordelia Linda Ezennia at p. 3, attached to Plaintiffs' Response to Defendants' Motion for Summary Judgment (Document No. 23), and the eviction was done pursuant to an Order of the Harris County Justice of the Peace Court.  Exhibit "F" to  Petition, attached to Defendants'  Notice of Removal (Document No. 1).  Under those circumstances, it cannot be said that the eviction was "wrongful" or actionable, particularly given that Plaintiff's did not appeal the eviction order. Therefore, summary judgment is also warranted on this claim.


V.      **Conclusion and Recommendation**

        Based on the foregoing and the conclusion that the summary judgment evidence only raises a genuine issue of material fact on the partial performance exception to Texas' Statute of Frauds, the Magistrate Judge

        RECOMMENDS that Defendants' Motion for Summary Judgment (Document No. 22) be GRANTED in PART and DENIED in PART, and that summary judgment be GRANTED on Plaintiffs' breach of contract, fraud/misrepresentation, wrongful foreclosure and wrongful eviction claims, and DENIED on Plaintiffs' promissory estoppel claim.

        The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day

period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

 Signed at Houston, Texas, this 27th day of April, 2012.


Frances H. Stacy
United States Magistrate Judge

17